*96 OPINION OF THE COURT
Per Curiam.
Order entered June 1, 1998 modified by granting plaintiff summary judgment on its first cause of action in the amount of $20,700; as modified, order affirmed, with $10 costs to plaintiff-appellant. The clerk is directed to enter judgment in favor of plaintiff accordingly.
Plaintiff, an employment agency, having referred to defendant a job candidate, Mira Volovik, who was ultimately hired, brought this action to recover its referral fee premised on theories of breach of contract and account stated. On its cross motion for summary judgment, plaintiff made a prima facie showing of entitlement to judgment as a matter of law through its submission, inter alia, of an affidavit of its president, two statements of defendant’s account with plaintiff, a copy of plaintiffs fee schedule, and correspondence from defense counsel acknowledging that Volovik was in fact hired by defendant and remained in defendant’s employ between March 19, 1997 and May 29, 1997. The affidavit submitted by plaintiffs president stated that the payment terms specified in the fee schedule sent to defendant were orally agreed to by Jeanne Brizel (described in the record as defendant’s “head designer”) at the time that Volovik was hired.
In response, defendant submitted an affidavit of its president, Dean Brizel, alleging that “no one affiliated with [defendant] ever agreed to the terms of a referral fee”, and that defendant, through Jeanne Brizel, had made it “explicitly clear” to plaintiff that defendant would not hire a job candidate or agree to pay a referral fee “until it had at least six months to evaluate the candidate’s performance.” Dean Brizel’s affidavit does not deny that defendant received plaintiffs fee schedule and invoices, or that plaintiff was solely responsible for bringing Volovik to the defendant’s attention. Notably, the record does not contain any affidavit from Jeanne Brizel.
Defendant’s conduct in hiring the job candidate referred by plaintiff, together with its demonstrated knowledge that a specified fee structure would become operative upon such hiring, constituted acceptance of the terms on which the referral was offered (see, Costello Assocs. v Standard Metals Corp., 99 AD2d 227, 231, appeal dismissed 62 NY2d 942). Nor is a triable issue raised by defendant’s conclusory assertion that the parties had orally agreed to a six-month guarantee period — a payment condition not reflected in and, indeed, incompatible *97 with the terms set out in plaintiffs prelitigation correspondence. Particularly is this so considering the defendant’s failure to submit an affidavit of Jeanne Brizel — who alone negotiated the transaction on defendant’s behalf — or to offer any explanation for the absence of such an affidavit. Since no triable issue exists regarding the defendant’s breach of, and liability under, the parties’ agreement, plaintiff is entitled to summary judgment for the full fee shown to have been earned (see, Raines Assocs. v Whitman & Ransom, 138 AD2d 95, 101, lv denied 73 NY2d 704).
Parness, P. J., McCooe and Freedman, JJ., concur.